FILED

2008 JUN 30  PM 2: 37

SOUTHERN DISTRICT OF CALIFORNIA

BY_____CNH_____DEPUTY

ORIGINAL

1    WESTON & McELVAIN LLP
     RICHARD C. WESTON, Bar No. 126491
2    AARON C. AGNESS, Bar No. 221943
     888 West Sixth Street, 15th Floor
3    Los Angeles, California 90017
     Telephone:  (213) 596-8000
4    Facsimile:  (213) 596-8039
     E-mail:     rweston@wmattorneys.com
5                aagness@wmattorneys.com

6    Attorneys for Defendant
     TRAVELERS PROPERTY
7    CASUALTY COMPANY OF AMERICA

8

9                  UNITED STATES DISTRICT COURT

10             FOR THE SOUTHERN DISTRICT OF CALIFORNIA

11   RICHARD C. SMALL and LAURA L. )   CASE NO. **'08 CV 1160  H  WMc**
     SMALL,                        )
12                                 )   NOTICE OF REMOVAL OF ACTION
13              Plaintiffs,        )   UNDER 28 U.S.C. § 1441
                                   )
14       vs.                       )
                                   )
15   TRAVELERS PROPERTY            )
     CASUALTY COMPANY OF           )
16   AMERICA, USAA INSURANCE       )
     AGENCY INC dba USAA OF TEXAS  )
17   INSURANCE AGENCY, DOES 1      )
     through 10 inclusive,         )
18                                 )
                Defendants.        )
19                                 )

20

21   TO THE CLERK OF THE ABOVE-ENTITLED COURT:

22        PLEASE TAKE NOTICE that defendant Travelers Property Casualty

23   Company of America hereby removes to this Court the State Court action

24   described below.

25   ///

26   ///

27   ///

28

                              -1-
                      NOTICE OF REMOVAL

1      1.    On or about May 30, 2008, an action was commenced in the Superior

2 Court of the State of California for the County of San Diego entitled *Small v.*

3 *Travelers Property Casualty Company of America, et al.*, Case Number 37-2008-

4 00054902-CU-IC-NC. A true and correct copy of the Summons is attached hereto

5 as Exhibit "A." A true and correct copy of the Complaint is attached hereto as

6 Exhibit "B."

7      2.    On June 2, 2008, plaintiffs Richard C. Small and Laura L. Small

8 ("Plaintiffs") served the Summons and Complaint on Travelers Property Casualty

9 Company of America ("Travelers") via Travelers' agent for service of process. A

10 true and correct copy of the Notice of Service of Process is attached hereto as

11 Exhibit "C."

12      3.    This action is a civil action of which this Court has original

13 jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this

14 Court by a defendant pursuant to the provisions of 28 U.S.C. § 1441(b) and 28

15 U.S.C. § 1446(b) in that it is a civil action between citizens of different states and

16 the matter in controversy exceeds the sum of $75,000, exclusive of interests and

17 costs.

18      4.    Defendant Travelers is, and at all times relevant herein was, a

19 Connecticut corporation, and maintains its principal place of business in

20 Connecticut.

21      5.    Based upon information and belief, defendant USAA Insurance

22 Agency dba USAA of Texas Insurance Agency ("USAA") is, and at all times

23 relevant herein was, a Texas corporation, and maintains its principal place of

24 business in Texas. This is also alleged in the Complaint. [Exhibit "B", ¶ 3.]

25 Based upon information and belief, and conversations between counsel for

26 Travelers and Defendant USAA, Defendant USAA has not been served with a

27 summons and complaint in this action.

28 ///

-2-

NOTICE OF REMOVAL

6.     Based upon information and belief, and as alleged in the Complaint, Plaintiffs are, and at all times relevant herein, were citizens of the State of California.

7.     In this action, Plaintiffs seek to recover, among other things, certain amounts they claim are due and owing as a result of Travelers' alleged breach of an insurance policy issued to Plaintiffs. [See Exhibit "B," ¶¶ 5-12.] According to the Complaint, Travelers issued insurance policy number 715-1267Y4789-TIL-07 to Plaintiffs (hereinafter "Policy"). [Exhibit "B," ¶ 5.] Plaintiffs contend that the Policy "covered plaintiff's avocado farm and residence for a period of one year for losses from various hazards, including fire." [Exhibit "B", ¶ 5.] According to the Complaint, on or about October 22, 2007, Plaintiffs sustained damages as a result of a fire. [Exhibit "B", ¶ 5.] Specifically, Plaintiffs allege that they sustained damage to a storage shed, the personal property contained therein, 8 acres of avocado trees, the irrigation system used to water the avocado trees, an exterior fence, a small Kubota tractor, and some business records located in the storage shed. [Exhibit "B", ¶ 5.] Plaintiffs contend that they submitted a claim to Travelers, but that Travelers denied coverage for all items. [Exhibit "B", ¶ 5.] Plaintiffs allege that the total damages covered by the Policy amount to at least $555,961.25. [Exhibit "B", ¶¶ 10-12.]

8.     In the present action, Plaintiffs seek to recover from Travelers the $555,961.25 allegedly owed under the Policy. [Exhibit "B," ¶¶ 10-12.] In addition, Plaintiffs bring a cause of action against Travelers for First Party Bad Faith, in which Plaintiffs seek punitive damages against Travelers in the amount of $10 million. [Exhibit "B", ¶¶ 13-17.] Given the nature of the claims asserted by Plaintiffs, and the variety of damages sought in connection with this action, the amount in controversy in this action unquestionably exceeds $75,000, the minimum amount for jurisdiction in this court.

///

1       9.     Attached hereto as Exhibit "D" is a true and correct copy of the

2 Notice of Case Assignment, Plaintiffs' Punitive Damages Statement, ADR Packet

3 and Civil Case Cover Sheet. To Travelers' knowledge, the above referenced

4 documents represent all of the notices, processes and proceedings in this case.

5

6 Dated: June 30, 2008                  WESTON & McELVAIN LLP

7

8                                 By:

9                                        Richard C. Weston

10                                      Aaron C. Agness
                                     Attorneys for Defendant
11                                      TRAVELERS PROPERTY CASUALTY
                                     COMPANY OF AMERICA

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-

NOTICE OF REMOVAL

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

NOTICE TO DEFENDANT:
(AVISO AL DEMANDADO): ~~and~~ pulmel
TRAVELERS PROPERTY ~~AND~~ CASUALTY COMPANY OF AMERICA, USAA
INSURANCE AGENCY ING dba USAA OF TEXAS INSURANCE AGENCY,
DOES 1 through 10, inclusive

F I L E D
STEPHEN THUNBERG
Clerk of the Superior Court

JUN –2 '08

By: Meg Hackett, Deputy

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTÁ DEMANDANDO EL DEMANDANTE):
RICHARD C. SMALL and LAURA L. SMALL

CORPORATE LITIGATION
HARTFORD

JUN 23 2008

You have 30 CALENDAR DAYS after this summons and legal papers ~~RECEIVED~~ PM to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br>SAN DIEGO SUPERIOR COURT - North County Division<br>325 South Melrose Drive<br>Vista, CA   92081 | CASE NUMBER:<br>(Número del Caso):<br>37-2008-00054902-CU-IC-NC |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
RICHARD I. WIDEMAN                                    805-245-8916
1607 Mission Drive #202, Solvang, CA  93463

DATE:                                   Clerk, by                               , Deputy
(Fecha) JUN –2 2008                     (Secretario)  M. HACKETT        (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465

www.accesslaw.com

Exhibit  A  Page  5

# EXHIBIT B

1   RICHARD I. WIDEMAN, ESQ. (SB #41185)
2   1607 Mission Drive #202
    Solvang, CA 93463

3   (805)245-8916   (805)688-9424 FAX

4   Attorney for Richard and Laura Small

NORTH CO...

2008 MAY 30  PH 4:...

CLERK-C...
SAN DIEGO

5

6

7

8            SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                FOR THE COUNTY OF SAN DIEGO

10                   NORTH COUNTY

11   RICHARD C SMALL and LAURA L.
    SMALL

12         Plaintiffs,           No.      37-2008-00054902-CU-IC-NC

13     vs.

14                           COMPLAINT – BREACH OF
                            INSURANCE CONTRACT, BAD
15   TRAVELERS PROPERTY CASUALTY     FAITH BY INSURANCE  COMPANY
    COMPANY OF AMERICA, USAA
16   INSURANCE AGENCY INC dba USAA     TO INSURED, NEGLIGENCE BY
    OF TEXAS INSURANCE AGENCY,        INSURANCE AGENCY,
17   DOES 1 through 10 inclusive           DELCARATORY RELIEF

18         Defendants.

19

20

21         Plaintiffs Richard C. Small and Laura L Small, for their causes of action against defendants,

22   and each of them, allege as follows:

23

24                   GENERAL ALLEGATIONS
                 [Relating to all Causes of Action]
25

26   1.  Plaintiffs are the owners of a 33 acre avocado ranch and residence located at 3210 Canonita

27      Drive, Fallbrook, California 92028 in San Diego County, California and the above judicial

28

-1-

COMPLAINT

Exhibit  B  Page  6

district. The amount in controversy is in excess of $25,000, exclusive or interest and costs. This Court has jurisdiction and is the proper court.

2. Plaintiffs are informed and believe that Travelers Property Casualty Company ("Travelers" herein) is one of many insurance companies operating under the umbrella name of "Travelers Insurance." Travelers is licensed to do business and does business in California. Plaintiffs are informed and believe that Travelers' home office and principal place of business is in Hartford, Connecticut and that it has offices in Southern California. At all times herein relevant, Travelers has been and is now doing business in San Diego county and the above judicial district.

3. USAA Insurance Agency Inc ("USAA" herein) is a corporation located in San Antonio Texas and is an insurance agency licensed to do business in California under the dba of "USAA of Texas Insurance Agency." At all times herein relevant, USAA has been and is now doing business in San Diego county and the above judicial district.

4. Plaintiffs do not know the true names or identities of the defendants sued herein as Does 1 through 10, inclusive and they therefore sue said defendants by those fictitious names. When the true names or identities of said defendants have been ascertained, plaintiffs will seek leave of court to amend this Complaint to reflect the same.

   Each of the defendants sued herein as a Doe is the agent, servant, employee or representative of the other defendants and each is legally responsible to plaintiffs on account of the acts and facts herein alleged.

5. In or about June 5, 2007, Travelers issued to plaintiffs an "Agribusiness" policy (No. 715-1267Y4789-TIL-07) which purported to cover their avocado ranch, home and contents located at 3210 Canonita Drive in Fallbrook. California (limits of $1,543,700 with $5000 deductible for home and $617,480 for "personal property" with a $5000 deductible) for a premium of $4672, which was paid by plaintiffs. Plaintiffs obtain said policy through USAA, which acted as an agent for Travelers. Said policy covered plaintiffs' avocado farm and residence for a period of one year for losses from various hazards, including fire.

-2-

COMPLAINT

Exhibit_____B_____Page____7____

6. In or October 22, 2007 during the firestorm that swept through San Diego County, and specifically what was then called the "Rice fire" plaintiffs' property was damaged by fire. The items of plaintiffs' property that were destroyed by the fire included plaintiffs' storage shed (inaccurately called a "barn" by Travelers in an effort to avoid coverage) and the personal property contained therein, 8 acres of avocado trees (835 mature producing trees) and the irrigation system used to water those trees, an exterior fence, a small Kubota tractor (used for upkeep of the pathways on the hillside property and to haul trash) and some business records of Dr. Small's medical practice (in the storage shed).

7. Plaintiffs' cooperated with Travelers and made a proper verified claim. Nonetheless, on or about December 5, 2007, Travelers denied coverage for all the above items. In the letter denying coverage, Travelers said:

> "Please accept our assurances that we have attempted to extend every reasonable benefit of the doubt in favor of coverage for this claim. Our decision is based upon the information and documentation obtained in connection with our investigation. If here is any new or different information or documentation that might lead us to reconsider our decision, it should be communicated to us in writing in a timely manner."

8. On or about April 8, 2008, Plaintiffs' lawyer wrote to Travelers and provided Travelers with written information indicating that such denials were improper. In a phone call, Travelers promised to "reevaluate" the denial and to promptly write a letter to plaintiffs' lawyer indicating what items were covered. To date, plaintiffs have received NO REPLY to that letter and there has been no further communication from Travelers.

9. To date, Travelers has paid plaintiffs nothing.

-3-

Exhibit B Page 8

## FIRST CAUSE OF ACTION

[Damages for Breach of Insurance Contract against Travelers and Does 1 through 8]

10. Travelers breached its insurance agreement with plaintiff by failing and refusing to pay plaintiffs' for the amounts they lost within the policy limits as a result of damages to their property caused by fire on or about October 22, 2007 for the following items:

    A. Damage to storage shed - $27,500

    B. Loss of Kubota Tractor - $15,500

    C. Loss to fencing - $16,000

    D. Loss of avocado trees and income - $445,054.25 (estimated)

    E. Loss of Irrigation equipment - $20,000

    F. Loss of miscellaneous personal property and tools (within policy limits) – $31,907 plus irreplaceable photos and heirlooms

    G. Medical (business) records loss (policy limit) - $2500

11. The total amount due and payable by Travelers and Does 1 through 8 and each of them to plaintiffs for their covered loss as a result of the October 22, 2007 fire is at least $555,961.25, subject to proof, together with interest thereon from October 22, 2007 at the legal rate.

12. As a direct result of the above described breach of contract by Travelers and Does 1 through 8 and each of them, Plaintiffs have been injured and damaged in the amount of $555,961.25 or such other sum as may be found to be due, according to proof.

## SECOND CAUSE OF ACTION

[First Party Bad Faith against Travelers and Does 1 through 5]

13. Plaintiffs hereby incorporate paragraphs 10 and 11 of their First Cause of Action herein as though set forth in full at this point.

14. The complete denial of coverage and the refusal of Travelers to pay plaintiffs anything is not in good faith and is a bad faith denial of Travelers' contractual and statutory fiduciary

-4-

COMPLAINT

Exhibit B Page 9

insurance obligations to plaintiffs, their insured.  In their Application to Travelers, plaintiffs reported that they had a "Tuff Shed" and that building was not scheduled separately by the underwriter, leaving the inescapable conclusion that Travelers considered it a storage shed covered under "coverage B" as a "private structure you own" that is "separated from" the main residence by "clear space" and is not rented out or "used primarily for farming purposes" and not an accessory building that needed to be separately scheduled.  The personal property (including hand tools) burned therein were "at the insured location" (under "coverage C") and plaintiff's business records (covered up to $2500) were also lost. In addition, the exterior property fencing is covered as "personal property" away form the main residence.  Despite these obviously covered items destroyed by fire (a covered hazard), Travelers refused to pay plaintiffs ANYTHING.

15. In addition to those items that are obviously "covered," Travelers also in bad faith and in dereliction of its obligations to its insured, failed an refused to pay for the loss of the small Kubota tractor (not licensed for road use); "covered property" [in par 1(D) of the Policy] specifically includes "outdoor equipment used primarily for the service of the covered dwelling its grounds or structures appurtenant to it" and coverage C, par. 2 also provides that vehicles "not licensed for road use" that are "used for servicing an insured's dwelling, its grounds or structures appurtenant to it" are covered.

16. Although the policy is described as an "agribusiness" policy and the Smalls' property is described in their application as a "33 acre avocado farm" (portion typed by Travelers) that generated "$270,000" per year income (in Dr. Small's handwriting), Travelers claims there is no coverage at all for the plaintiffs' "agribusiness" and refused and continues to refuse to pay for the loss or damage to the avocado trees, irrigation equipment and the loss of income from the burned trees.

At all times, plaintiffs' intended to have coverage for their agribusiness, had requested such coverage and thought they had obtained such coverage from Travelers through USAA, as agent for Travelers, when they were provided an "Agribusiness" policy,

COMPLAINT

Exhibit___B___ Page __10__

1  all of which obligates Travelers to pay such losses regardless of the actual provisions of the

2  issued policy.

3  17. As a direct result of said bad faith refusal to pay and because such refusals are fraudulent,

4  malicious and oppressive, and part of a plan and course of conduct on the part of Travelers

5  to deny victims of disastrous fires, such as the October firestorm in San Diego County,

6  benefits promised to them, without any valid or proper reason and solely in order to save

7  Travelers money and keep its stock price high, Plaintiffs are entitled to punitive and

8  exemplary damages according to proof of in excess of $10 million dollars.

9

10                          **THIRD CAUSE OF ACTION**
                   [Negligence against USAA and Does 6 through 10]

11

12  18.  Plaintiffs hereby incorporate paragraphs 10 and 11 of their First Cause of Action and

13  paragraphs 14 through 16 of their Second Cause of Action herein as though set forth in full

14  at this point.

15  19. Plaintiff Richard C. Small, a former member of the military, has been a "member" of USAA

16  for many years.  For many years he has placed his home and auto insurance through USAA.

17  20. In 2005, Plaintiffs applied for an agribusiness policy for their residence and 33 acre avocado

18  farm in with USAA.  Unknown to plaintiffs, and despite plaintiff being a "member" of

19  USAA, USAA was acting solely as the agent of Travelers and not for plaintiffs.  That fact

20  was not disclosed to plaintiffs until long after the loss herein.

21  21. Plaintiffs submitted an insurance Application on a Travelers "form" to USAA.  On the form,

22  plaintiffs listed their storage shed/barn and disclosed that they had a 33 acre avocado farm

23  which generated $270,000 per year in revenue.  They asked for a policy that "covered" their

24  residence and farm.  They were quoted a premium for 2007 ($4672) which they paid.

25  22. At no time did plaintiffs agree to have their avocado farm not covered nor did they intend to

26  "waive" or to not pay for coverage for their avocado trees, crops, or farm equipment

27  (irrigation).  Said items were always intended to be covered by them and were properly

28

—6—

COMPLAINT

Exhibit B Page 11

disclosed by them to USAA, as agent for Travelers, as being items for which plaintiffs desired to purchase insurance. Plaintiffs at all times were lead to believe, by USAA, that they had, in fact, purchased insurance to cover said items and that said items were covered by the "Agribusiness" policy issued to them by Travelers through USAA and Does 6 through 10, and each of them.

23. Plaintiffs are informed and believe, and thereon allege, that Travelers contends that USAA and Does 6 through 10, and each of them, somehow neglected to procure coverage for Plaintiffs from Travelers for the avocado trees, crops and irrigation equipment that was lost in the fire on October 22, 2007. IF, in fact, Travelers is successful in such claim, then USAA is liable to plaintiffs for any and all such losses that are found to be "not covered" by the Travelers "Agribusiness" policy as a result of its negligent errors and omissions.

24. As a result of the said errors and omissions by USAA and Does 6 through 10, and each of them, plaintiffs have been injured and damaged in an amount of $555.961.25, or such other amount as may be found to be due, according to proof, together with interest thereon from October 22, 2007 at the legal rate.

## FOURTH CAUSE OF ACTION
[Declaratory Relief against All Defendants]

25. Plaintiffs hereby incorporate paragraphs 10 and 11 of their First Cause of Action , paragraphs 14 through 16 of their Second Cause of Action and paragraphs 19 through 23 of their Third Cause of Action herein as though set forth in full at this point.

26. A dispute has arisen wherein Travelers and the other defendants claim that they should not be liable for Plaintiffs' fire losses of personal property not "scheduled" on the "Agribusiness" policy purchased by Plaintiffs and issued by Travelers and plaintiffs claim that these items of property were covered by the policy or, if not covered, were disclosed to defendants, and each of them, in their Application, and that any lack of coverage was due to the negligence of USAA and Does 6 through 10, and each of them and plaintiffs claim that

-7-

Exhibit B Page 12

defendants, and each of them, should pay for all their fire losses of $555.961.25, or such other amount according to proof, together with interest thereon from October 22, 2007 at the legal rate.

27. Plaintiffs are informed and believe that there is no plain, speedy or adequate remedy for the resolution of such disputes other than declaratory relief.

WHEREFORE, plaintiffs pray for judgment in their favor and against defendants, and each of them, as follows: for their actual damages, according to proof, including prejudgment interest, for punitive and exemplary damages, according to proof against Travelers, that the Court determine and declare the respective liabilities of defendants, and each of them, for plaintiffs' fire losses, and for such other and further relief as may be just and proper.

Dated: May 26, 2008

RICHARD I. WIDEMAN, ESQ.
Attorney for RICHARD and LAURA SMALL

–8–

## VERIFICATION

I, Dr. Richard C. Small, do declare and say:

    1. I am one of the Plaintiffs herein.

    2. I have read the foregoing COMPLAINT and know the contents thereof.

    3. The foregoing is true and correct except for those allegations made on information and belief, and, as to those allegations, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct. Executed at Fallbrook, California on May 26, 2008.

RICHARD C. SMALL, M.D.

-9-

CUMPLAINT

Exhibit B Page 14

# EXHIBIT C



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

TMM / ALL
Transmittal Number: 5832175
Date Processed: 06/10/2008

| | |
|---|---|
| Primary Contact: | Pamela Hoff |
| | The Travelers Companies, Inc. |
| | 385 Washington Street, MC 515A |
| | Saint Paul, MN 55102 |

| | |
|---|---|
| Copy of transmittal only provided to: | SOP Coordinator |

| | |
|---|---|
| Entity: | Travelers Property Casualty Company of America |
| | Entity ID Number 2317459 |
| Entity Served: | Travelers Property Casualty Company of America |
| Title of Action: | Richard C Small vs. Travelers Property Casualty Company of America |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court: | San Diego County Superior Court, California |
| Case Number: | 37-2008-00054902-CU-IC-NC |
| Jurisdiction Served: | California |
| Date Served on CSC: | 06/02/2008 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Client Direct |
| Plaintiff's Attorney: | Richard I. Wideman |
| | 850-245-8916 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

To avoid potential delay, please do not send your response to CSC
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

Exhibit____C____ Page__15__

# EXHIBIT D

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS:      325 S. Melrose | |
| MAILING ADDRESS:    325 S. Melrose | |
| CITY AND ZIP CODE:   Vista, CA 92081 | |
| BRANCH NAME:          North County | |
| TELEPHONE NUMBER:  (760) 806-6350 | |

| PLAINTIFF(S) / PETITIONER(S):    Richard C Small et.al. |
|---|
| DEFENDANT(S) / RESPONDENT(S):  Travelers Property Casualty Company of America et.al. |
| SMALL VS. TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA |

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER: |
|---|---|
| | 37-2008-00054902-CU-IC-NC |

Judge:  Lisa Guy-Schall                                   Department:  N-31

COMPLAINT/PETITION FILED: 05/30/2008

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

COMPLAINTS: Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

DEFAULT: If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

Exhibit __D__ Page __16__

1 | RICHARD I. WIDEMAN, ESQ. (SB #41185)
1607 Mission Drive #202
2 | Solvang, CA 93463

3 | (805)245-8916   (805)688-9424 FAX

4 | Attorney for Richard and Laura Small

5

6

7

8                    SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                         FOR THE COUNTY OF SAN DIEGO

10                              NORTH COUNTY

11 | RICHARD C SMALL and LAURA L.
SMALL

12         Plaintiffs,                        No. 37-2008-00054902-CU-IC-NC

13    vs.
                                             PUNITIVE DAMAGES STATEMENT
14

15 | TRAVELERS PROPERTY CASUALTY         [Local Rule 2.1.5]
COMPANY OF AMERICA, USAA
16 | INSURANCE AGENCY INC dba USAA
OF TEXAS INSURANCE AGENCY,
17 | DOES 1 through 10 inclusive

18         Defendants.

19

20

21 | To; Defendants and their attorneys of Record:

22         Please take notice that Plaintiffs punitive damages claims are for $10,000,000.00 (Ten

23 | Million Dollars).

24

25 | Dated:  May 26, 2008

25                                           RICHARD I. WIDEMAN, ESQ.
26                                           Attorney for RICHARD and LAURA SMALL

27

28

                                      -1-

                          PUNITIVE DAMAGES STATEMENT

                                    Exhibit___D___Page___17___



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2008-00054902-CU-IC-NC        CASE TITLE: Small vs. Travelers Property Casualty Company of America

## <u>NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE</u>

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

## <u>ADR POLICY</u>

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

## <u>ADR OPTIONS</u>

1) **CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

2) **JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

Exhibit_____<u>D</u>_____ Page_____ 18    1

3) **SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

4) **OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (760) 726-4900.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

Exhibit ___D___ Page __142__

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 325 S. Melrose | |
| MAILING ADDRESS: 325 S. Melrose | |
| CITY, STATE, & ZIP CODE: Vista, CA 92081-6895 | |
| BRANCH NAME: North County | |

| PLAINTIFF(S): Richard C Small et al. |
|---|
| DEFENDANT(S): Travelers Property Casualty Company of America et al. |
| SHORT TITLE: SMALL VS. TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA |

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221) | CASE NUMBER: 37-2008-00054902-CU-IC-NC |
|---|---|

Judge: Lisa Guy-Schall                                    Department: N-31

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program            ☐ Court-Ordered Nonbinding Arbitration

☐ Private Neutral Evaluation                  ☐ Court-Ordered Binding Arbitration (Stipulated)

☐ Private Mini-Trial                          ☐ Private Reference to General Referee

☐ Private Summary Jury Trial                  ☐ Private Reference to Judge

☐ Private Settlement Conference with Private Neutral   ☐ Private Binding Arbitration

☐ Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____          Date: _____


Name of Plaintiff                          Name of Defendant


Signature                                  Signature


Name of Plaintiff's Attorney               Name of Defendant's Attorney


Signature                                  Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

*IT IS SO ORDERED.*

Dated: 06/02/2008

_____
JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)

**STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**                Page: 1

Exhibit __D__ Page 20

3

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
RICHARD I. WIDEMAN
1607 Mission Drive #202
Solvang, CA 93463                              [SB # 41185]

TELEPHONE NO.: 805-245-8916      FAX NO.: 805-688-9424
ATTORNEY FOR *(Name):* Richard and Laura Small

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS: 325 South Melrose Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Vista, CA   92081
BRANCH NAME: NORTH COUNTY

CASE NAME: SMALL vs. TRAVELERS, USAA et al

**FOR COURT USE ONLY**

NORTH CO

2008 MAY 30  PM 4:03

CLERK-SUP
SAN DIEGO CO

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 37-2008-00054902-CU-IC-NC |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☑ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* 4
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 26, 2008

RICHARD I. WIDEMAN, Esq.
(TYPE OR PRINT NAME)                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
www.accesslaw.com

Exhibit D  Page 21

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Richard C. Small and Laura L. Small | Travelers Property Casualty Company of America |

| **(b)** County of Residence of First Listed Plaintiff   San Diego | County of Residence of First Listed Defendant |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Richard I. Wideman, Esq.
1607 Mission Drive #202 Solvang, CA 93463

Attorneys (If Known)

'08 CV 1160 H WMc

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government
   Plaintiff

☐ 3 Federal Question
   (U.S. Government Not a Party)

☐ 2 U.S. Government
   Defendant

☒ 4 Diversity
   (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original
   Proceeding

☒ 2 Removed from
   State Court

☐ 3 Remanded from
   Appellate Court

☐ 4 Reinstated or
   Reopened

☐ 5 Transferred from
   another district
   (specify)

☐ 6 Multidistrict
   Litigation

☐ 7 Appeal to District
   Judge from
   Magistrate
   Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1332; 28 U.S.C. Section 1441

Brief description of cause:
Diversity

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
   UNDER F.R.C.P. 23

DEMAND $
555,961.25

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE
June 30, 2008

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  152418   AMOUNT  $350   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

TAC 6/30/08

LexisNexis® Automated California Federal District Court Forms



**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 152418    — TC

June 30, 2008
14:39:13

**Civ Fil Non-Pris**
USAO #.: 08CV1160
Judge..: MARILYN L HUFF
Amount.:              $350.00 CK
Check#.: BC69888

Total—>  $350.00

FROM: RICHARD & LAURA SMALL
      VS.
      TRAVELERS PROPERTY CASUALTY
      CO OF AMERICA