FILED

2008 JUL -2 PM 3: 49

JUL 2 '08 PM 2:59

BY_____KViH_____DEPUTY

1  WESTON & McELVAIN LLP
   RICHARD C. WESTON, Bar No. 126491
2  AARON C. AGNESS, Bar No. 221943
   888 West Sixth Street, 15th Floor
3  Los Angeles, California 90017
   Telephone:  (213) 596-8000
4  Facsimile:  (213) 596-8039
   E-mail:    rweston@wmattorneys.com
5             aagness@wmattorneys.com

6  Attorneys for Defendant
   TRAVELERS PROPERTY
7  CASUALTY COMPANY OF AMERICA

8

9            UNITED STATES DISTRICT COURT

10        FOR THE SOUTHERN DISTRICT OF CALIFORNIA

11
   RICHARD C. SMALL and LAURA L. ) CASE NO. 08 CV 1160 H WMc
12 SMALL,                        )
                                 )
13            Plaintiffs,        ) CERTIFICATE OF SERVICE OF
                                 ) NOTICE TO ADVERSE PARTY OF
14    vs.                        ) REMOVAL TO FEDERAL COURT
                                 )
15 TRAVELERS PROPERTY            )
   CASUALTY COMPANY OF           )
16 AMERICA, USAA INSURANCE       )
   AGENCY INC dba USAA OF TEXAS  )
17 INSURANCE AGENCY, DOES 1      )
   through 10 inclusive,         )
18                               )
              Defendants.        )
19                               )

20    I,    Patricia De La Cruz, declare as follows:

21        1. I am over the age of 18 years and not a party to this action.

22        2. My business address is 888 W. Sixth Street, 15th Floor, Los Angeles,

23 California, which is located in the city, county and state where the mailing

24 described below took place.

25        3. On July 1, 2008 I deposited in the United States Mail at Los Angeles,

26 California a copy of the Notice to Adverse Party of Removal to Federal Court

27 dated July 2, 2008 a copy of which is attached to this Certificate, in a sealed

28 envelope addressed as follows:

-1-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Richard I. Wideman, Esq.

1607 Mission Drive #202

Solvang, CA 93463

I declare (or certify) under penalty of perjury that the foregoing is true and correct. Executed on this 2nd day of July, 2008 at Los Angeles, California.

_____
Patricia De La cruz

-2-

CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT

COPY

1  WESTON & McELVAIN LLP
   RICHARD C. WESTON, Bar No. 126491
2  AARON C. AGNESS, Bar No. 221943
   888 West Sixth Street, 15th Floor
3  Los Angeles, California 90017
   Telephone:  (213) 596-8000
4  Facsimile:  (213) 596-8039
   E-mail:     rweston@wmattorneys.com
5              aagness@wmattorneys.com

6  Attorneys for Defendant
   TRAVELERS PROPERTY
7  CASUALTY COMPANY OF AMERICA

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10             FOR THE COUNTY OF SAN DIEGO – NORTH COUNTY

11

12 RICHARD C SMALL and LAURA L.    )  CASE NO. 37-2008-00054902-
   SMALL,                          )  CU-IC-NC
13                                 )
                 Plaintiffs,       )
14                                 )  NOTICE TO ADVERSE PARTY OF
        vs.                        )  REMOVAL
15                                 )
   TRAVELERS PROPERTY              )
16 CASUALTY COMPANY OF             )
   AMERICA, USAA INSURANCE         )
17 AGENCY INC dba USAA OF TEXAS    )
   INSURANCE AGENCY, DOES 1        )
18 through 10 inclusive,           )
                                   )
19               Defendants.       )
                                   )
20 ──────────────────────────────

21

22 TO THE COURT AND PLAINTIFF AND ITS COUNSEL OF RECORD:

23      PLEASE TAKE NOTICE THAT a Notice of Removal of this action was

24 filed in the United States District Court for the Southern District of California on

25 June 30, 2008 under case number 08 CV 1160 H WMc.

26 ///

27 ///

28 ///

                              -1-
            NOTICE TO ADVERSE PARTY OF REMOVAL

1      A copy of the Notice of Removal is attached hereto and served and filed
2 herewith.

3

4 Dated: July 1, 2008            WESTON & McELVAIN LLP

5

6

7                   By: _____
8                       Richard C. Weston
                      Aaron C. Agness
9                Attorneys for Defendant
                TRAVELERS PROPERTY CASUALTY
10              COMPANY OF AMERICA

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

NOTICE TO ADVERSE PARTY OF REMOVAL

1  WESTON & McELVAIN LLP
   RICHARD C. WESTON, Bar No. 126491
2  AARON C. AGNESS, Bar No. 221943
   888 West Sixth Street, 15th Floor
3  Los Angeles, California 90017
   Telephone: (213) 596-8000
4  Facsimile: (213) 596-8039
   E-mail:  rweston@wmattorneys.com
5           aagness@wmattorneys.com

6  Attorneys for Defendant
   TRAVELERS PROPERTY
7  CASUALTY COMPANY OF AMERICA

8

9              UNITED STATES DISTRICT COURT

10        FOR THE SOUTHERN DISTRICT OF CALIFORNIA

11 RICHARD C. SMALL and LAURA L. ) CASE NO. **'08 CV 1160 H WMc**
12 SMALL,                        )
                                 ) NOTICE OF REMOVAL OF ACTION
13              Plaintiffs,       ) UNDER 28 U.S.C. § 1441
                                 )
14      vs.                       )
                                 )
15 TRAVELERS PROPERTY            )
   CASUALTY COMPANY OF           )
16 AMERICA, USAA INSURANCE       )
   AGENCY INC dba USAA OF TEXAS  )
17 INSURANCE AGENCY, DOES 1      )
   through 10 inclusive,          )
18                                )
                Defendants.       )
19

20

21 TO THE CLERK OF THE ABOVE-ENTITLED COURT:

22      PLEASE TAKE NOTICE that defendant Travelers Property Casualty

23 Company of America hereby removes to this Court the State Court action

24 described below.

25 ///

26 ///

27 ///

28

                              -1-
                      NOTICE OF REMOVAL

1.    On or about May 30, 2008, an action was commenced in the Superior Court of the State of California for the County of San Diego entitled *Small v. Travelers Property Casualty Company of America, et al.*, Case Number 37-2008-00054902-CU-IC-NC.  A true and correct copy of the Summons is attached hereto as Exhibit "A."  A true and correct copy of the Complaint is attached hereto as Exhibit "B."

2.    On June 2, 2008, plaintiffs Richard C. Small and Laura L. Small ("Plaintiffs") served the Summons and Complaint on Travelers Property Casualty Company of America ("Travelers") via Travelers' agent for service of process.  A true and correct copy of the Notice of Service of Process is attached hereto as Exhibit "C."

3.    This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by a defendant pursuant to the provisions of 28 U.S.C. § 1441(b) and 28 U.S.C. § 1446(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs.

4.    Defendant Travelers is, and at all times relevant herein was, a Connecticut corporation, and maintains its principal place of business in Connecticut.

5.    Based upon information and belief, defendant USAA Insurance Agency dba USAA of Texas Insurance Agency ("USAA") is, and at all times relevant herein was, a Texas corporation, and maintains its principal place of business in Texas.  This is also alleged in the Complaint.  [Exhibit "B", ¶ 3.] Based upon information and belief, and conversations between counsel for Travelers and Defendant USAA, Defendant USAA has not been served with a summons and complaint in this action.

///

1    6.    Based upon information and belief, and as alleged in the Complaint,

2    Plaintiffs are, and at all times relevant herein, were citizens of the State of

3    California.

4    7.    In this action, Plaintiffs seek to recover, among other things, certain

5    amounts they claim are due and owing as a result of Travelers' alleged breach of

6    an insurance policy issued to Plaintiffs. [See Exhibit "B," ¶¶ 5-12.] According to

7    the Complaint, Travelers issued insurance policy number 715-1267Y4789-TIL-07

8    to Plaintiffs (hereinafter "Policy"). [Exhibit "B," ¶ 5.] Plaintiffs contend that the

9    Policy "covered plaintiff's avocado farm and residence for a period of one year for

10   losses from various hazards, including fire." [Exhibit "B", ¶ 5.] According to the

11   Complaint, on or about October 22, 2007, Plaintiffs sustained damages as a result

12   of a fire. [Exhibit "B", ¶ 5.] Specifically, Plaintiffs allege that they sustained

13   damage to a storage shed, the personal property contained therein, 8 acres of

14   avocado trees, the irrigation system used to water the avocado trees, an exterior

15   fence, a small Kubota tractor, and some business records located in the storage

16   shed. [Exhibit "B", ¶ 5.] Plaintiffs contend that they submitted a claim to

17   Travelers, but that Travelers denied coverage for all items. [Exhibit "B", ¶ 5.]

18   Plaintiffs allege that the total damages covered by the Policy amount to at least

19   $555,961.25. [Exhibit "B", ¶¶ 10-12.]

20   8.    In the present action, Plaintiffs seek to recover from Travelers the

21   $555,961.25 allegedly owed under the Policy. [Exhibit "B," ¶¶ 10-12.] In

22   addition, Plaintiffs bring a cause of action against Travelers for First Party Bad

23   Faith, in which Plaintiffs seek punitive damages against Travelers in the amount of

24   $10 million. [Exhibit "B", ¶¶ 13-17.] Given the nature of the claims asserted by

25   Plaintiffs, and the variety of damages sought in connection with this action, the

26   amount in controversy in this action unquestionably exceeds $75,000, the

27   minimum amount for jurisdiction in this court.

28   ///

-3-

NOTICE OF REMOVAL

1       9.    Attached hereto as Exhibit "D" is a true and correct copy of the

2   Notice of Case Assignment, Plaintiffs' Punitive Damages Statement, ADR Packet

3   and Civil Case Cover Sheet.  To Travelers' knowledge, the above referenced

4   documents represent all of the notices, processes and proceedings in this case.

5

6   Dated:  June 30, 2008             WESTON & McELVAIN LLP

7

8                                    By: _____

9                                       Richard C. Weston

10                                      Aaron C. Agness
                                    Attorneys for Defendant

11                                      TRAVELERS PROPERTY CASUALTY
                                    COMPANY OF AMERICA

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* oulmer
TRAVELERS PROPERTY AND CASUALTY COMPANY OF AMERICA, USAA
INSURANCE AGENCY INC dba USAA OF TEXAS INSURANCE AGENCY,
DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
RICHARD C. SMALL and LAURA L. SMALL

CORPORATE LITIGATION
HARTFORD

JUN 23 2008

RECEIVED COPY

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

F I L E D
STEPHEN THUNBERG
Clerk of the Superior Court

JUN -2 '08

By: Meg Hackett, Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* SAN DIEGO SUPERIOR COURT - North County Division 325 South Melrose Drive Vista, CA   92081 | CASE NUMBER *(Número del Caso):* 37-2008-00054802-CU-IC-NC |
| --- | --- |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
RICHARD I. WIDEMAN                                                805-245-8916
1607 Mission Drive #202, Solvang, CA  93463

| DATE: *(Fecha)* JUN - 2 2008 | Clerk, by *(Secretario)* M. HACKETT | , Deputy *(Adjunto)* |
| --- | --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

under: [X] CCP 416.10 (corporation)         [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
       [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465

www.access law.com

Exhibit A Page 5

# EXHIBIT B

1   RICHARD I. WIDEMAN, ESQ. (SB #41185)
    1607 Mission Drive #202
2   Solvang, CA 93463

3   (805)245-8916   (805)688-9424 FAX

4   Attorney for Richard and Laura Small

5

6

7

8               SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF SAN DIEGO

10                        NORTH COUNTY

11  RICHARD C SMALL and LAURA L.
    SMALL
12
            Plaintiffs,                    No.    37-2008-00054902-CU-IC-NC
13
        vs.
14                                         COMPLAINT – BREACH OF
                                           INSURANCE CONTRACT, BAD
15  TRAVELERS PROPERTY CASUALTY            FAITH BY INSURANCE COMPANY
    COMPANY OF AMERICA, USAA               TO INSURED, NEGLIGENCE BY
16  INSURANCE AGENCY INC dba USAA          INSURANCE AGENCY,
    OF TEXAS INSURANCE AGENCY,             DELCARATORY RELIEF
17  DOES 1 through 10 inclusive

18      Defendants.

19

20

21      Plaintiffs Richard C. Small and Laura L Small, for their causes of action against defendants,

22  and each of them, allege as follows:

23

24                        GENERAL ALLEGATIONS
                        [Relating to all Causes of Action]
25

26  1.  Plaintiffs are the owners of a 33 acre avocado ranch and residence located at 3210 Canonita

27      Drive, Fallbrook, California 92028 in San Diego County, California and the above judicial

28

                                   -1-

                                 COMPLAINT

                            Exhibit___B___Page___6___

district. The amount in controversy is in excess of $25,000, exclusive or interest and costs. This Court has jurisdiction and is the proper court.

2. Plaintiffs are informed and believe that Travelers Property Casualty Company ("Travelers" herein) is one of many insurance companies operating under the umbrella name of "Travelers Insurance." Travelers is licensed to do business and does business in California. Plaintiffs are informed and believe that Travelers' home office and principal place of business is in Hartford, Connecticut and that it has offices in Southern California. At all times herein relevant, Travelers has been and is now doing business in San Diego county and the above judicial district.

3. USAA Insurance Agency Inc ("USAA" herein) is a corporation located in San Antonio Texas and is an insurance agency licensed to do business in California under the dba of "USAA of Texas Insurance Agency." At all times herein relevant, USAA has been and is now doing business in San Diego county and the above judicial district.

4. Plaintiffs do not know the true names or identities of the defendants sued herein as Does 1 through 10, inclusive and they therefore sue said defendants by those fictitious names. When the true names or identities of said defendants have been ascertained, plaintiffs will seek leave of court to amend this Complaint to reflect the same.

   Each of the defendants sued herein as a Doe is the agent, servant, employee or representative of the other defendants and each is legally responsible to plaintiffs on account of the acts and facts herein alleged.

5. In or about June 5, 2007, Travelers issued to plaintiffs an "Agribusiness" policy (No. 715-1267Y4789-TIL-07) which purported to cover their avocado ranch, home and contents located at 3210 Canonita Drive in Fallbrook. California (limits of $1,543,700 with $5000 deductible for home and $617,480 for "personal property" with a $5000 deductible) for a premium of $4672, which was paid by plaintiffs. Plaintiffs obtain said policy through USAA, which acted as an agent for Travelers. Said policy covered plaintiffs' avocado farm and residence for a period of one year for losses from various hazards, including fire.

-2-

COMPLAINT

Exhibit___B___Page___7___

6. In or October 22, 2007 during the firestorm that swept through San Diego County, and specifically what was then called the "Rice fire" plaintiffs' property was damaged by fire. The items of plaintiffs' property that were destroyed by the fire included plaintiffs' storage shed (inaccurately called a "barn" by Travelers in an effort to avoid coverage) and the personal property contained therein, 8 acres of avocado trees (835 mature producing trees) and the irrigation system used to water those trees, an exterior fence, a small Kubota tractor (used for upkeep of the pathways on the hillside property and to haul trash) and some business records of Dr. Small's medical practice (in the storage shed).

7. Plaintiffs' cooperated with Travelers and made a proper verified claim. Nonetheless, on or about December 5, 2007, Travelers denied coverage for all the above items. In the letter denying coverage, Travelers said:

> "Please accept our assurances that we have attempted to extend every reasonable benefit of the doubt in favor of coverage for this claim. Our decision is based upon the information and documentation obtained in connection with our investigation. If here is any new or different information or documentation that might lead us to reconsider our decision, it should be communicated to us in writing in a timely manner."

8. On or about April 8, 2008, Plaintiffs' lawyer wrote to Travelers and provided Travelers with written information indicating that such denials were improper. In a phone call, Travelers promised to "reevaluate" the denial and to promptly write a letter to plaintiffs' lawyer indicating what items were covered. To date, plaintiffs have received NO REPLY to that letter and there has been no further communication from Travelers.

9. To date, Travelers has paid plaintiffs nothing.

–3–

COMPLAINT

Exhibit B Page 8

# FIRST CAUSE OF ACTION

[Damages for Breach of Insurance Contract against Travelers and Does 1 through 8]

10. Travelers breached its insurance agreement with plaintiff by failing and refusing to pay plaintiffs' for the amounts they lost within the policy limits as a result of damages to their property caused by fire on or about October 22, 2007 for the following items:

    A. Damage to storage shed - $27,500

    B. Loss of Kubota Tractor - $15,500

    C. Loss to fencing - $16,000

    D. Loss of avocado trees and income - $445,054.25 (estimated)

    E. Loss of Irrigation equipment - $20,000

    F. Loss of miscellaneous personal property and tools (within policy limits) – $31,907 plus irreplaceable photos and heirlooms

    G. Medical (business) records loss (policy limit) - $2500

11. The total amount due and payable by Travelers and Does 1 through 8 and each of them to plaintiffs for their covered loss as a result of the October 22, 2007 fire is at least $555,961.25, subject to proof, together with interest thereon from October 22, 2007 at the legal rate.

12. As a direct result of the above described breach of contract by Travelers and Does 1 through 8 and each of them, Plaintiffs have been injured and damaged in the amount of $555,961.25 or such other sum as may be found to be due, according to proof.

# SECOND CAUSE OF ACTION

[First Party Bad Faith against Travelers and Does 1 through 5]

13. Plaintiffs hereby incorporate paragraphs 10 and 11 of their First Cause of Action herein as though set forth in full at this point.

14. The complete denial of coverage and the refusal of Travelers to pay plaintiffs anything is not in good faith and is a bad faith denial of Travelers' contractual and statutory fiduciary

-4-

Exhibit B Page 9

insurance obligations to plaintiffs, their insured. In their Application to Travelers, plaintiffs reported that they had a "Tuff Shed" and that building was not scheduled separately by the underwriter, leaving the inescapable conclusion that Travelers considered it a storage shed covered under "coverage B" as a "private structure you own" that is "separated from" the main residence by "clear space" and is not rented out or "used primarily for farming purposes" and not an accessory building that needed to be separately scheduled. The personal property (including hand tools) burned therein were "at the insured location" (under "coverage C") and plaintiff's business records (covered up to $2500) were also lost. In addition, the exterior property fencing is covered as "personal property" away form the main residence. Despite these obviously covered items destroyed by fire (a covered hazard), Travelers refused to pay plaintiffs ANYTHING.

15. In addition to those items that are obviously "covered," Travelers also in bad faith and in dereliction of its obligations to its insured, failed an refused to pay for the loss of the small Kubota tractor (not licensed for road use); "covered property" [in par 1(D) of the Policy] specifically includes "outdoor equipment used primarily for the service of the covered dwelling its grounds or structures appurtenant to it" and coverage C, par. 2 also provides that vehicles "not licensed for road use" that are "used for servicing an insured's dwelling, its grounds or structures appurtenant to it" are covered.

16. Although the policy is described as an "agribusiness" policy and the Smalls' property is described in their application as a "33 acre avocado farm" (portion typed by Travelers) that generated "$270,000" per year income (in Dr. Small's handwriting), Travelers claims there is no coverage at all for the plaintiffs' "agribusiness" and refused and continues to refuse to pay for the loss or damage to the avocado trees, irrigation equipment and the loss of income from the burned trees.

At all times, plaintiffs' intended to have coverage for their agribusiness, had requested such coverage and thought they had obtained such coverage from Travelers through USAA, as agent for Travelers, when they were provided an "Agribusiness" policy,

COMPLAINT

Exhibit ___B___ Page ___10___

all of which obligates Travelers to pay such losses regardless of the actual provisions of the issued policy.

17. As a direct result of said bad faith refusal to pay and because such refusals are fraudulent, malicious and oppressive, and part of a plan and course of conduct on the part of Travelers to deny victims of disastrous fires, such as the October firestorm in San Diego County, benefits promised to them, without any valid or proper reason and solely in order to save Travelers money and keep its stock price high, Plaintiffs are entitled to punitive and exemplary damages according to proof of in excess of $10 million dollars.

### THIRD CAUSE OF ACTION
[Negligence against USAA and Does 6 through 10]

18. Plaintiffs hereby incorporate paragraphs 10 and 11 of their First Cause of Action and paragraphs 14 through 16 of their Second Cause of Action herein as though set forth in full at this point.

19. Plaintiff Richard C. Small, a former member of the military, has been a "member" of USAA for many years. For many years he has placed his home and auto insurance through USAA.

20. In 2005, Plaintiffs applied for an agribusiness policy for their residence and 33 acre avocado farm in with USAA. Unknown to plaintiffs, and despite plaintiff being a "member" of USAA, USAA was acting solely as the agent of Travelers and not for plaintiffs. That fact was not disclosed to plaintiffs until long after the loss herein.

21. Plaintiffs submitted an insurance Application on a Travelers "form" to USAA. On the form, plaintiffs listed their storage shed/barn and disclosed that they had a 33 acre avocado farm which generated $270,000 per year in revenue. They asked for a policy that "covered" their residence and farm. They were quoted a premium for 2007 ($4672) which they paid.

22. At no time did plaintiffs agree to have their avocado farm not covered nor did they intend to "waive" or to not pay for coverage for their avocado trees, crops, or farm equipment (irrigation). Said items were always intended to be covered by them and were properly

—6—

disclosed by them to USAA, as agent for Travelers, as being items for which plaintiffs desired to purchase insurance. Plaintiffs at all times were lead to believe, by USAA, that they had, in fact, purchased insurance to cover said items and that said items were covered by the "Agribusiness" policy issued to them by Travelers through USAA and Does 6 through 10, and each of them.

23. Plaintiffs are informed and believe, and thereon allege, that Travelers contends that USAA and Does 6 through 10, and each of them, somehow neglected to procure coverage for Plaintiffs from Travelers for the avocado trees, crops and irrigation equipment that was lost in the fire on October 22, 2007. IF, in fact, Travelers is successful in such claim, then USAA is liable to plaintiffs for any and all such losses that are found to be "not covered" by the Travelers "Agribusiness" policy as a result of its negligent errors and omissions.

24. As a result of the said errors and omissions by USAA and Does 6 through 10, and each of them, plaintiffs have been injured and damaged in an amount of $555.961.25, or such other amount as may be found to be due, according to proof, together with interest thereon from October 22, 2007 at the legal rate.


## FOURTH CAUSE OF ACTION
### [Declaratory Relief against All Defendants]

25. Plaintiffs hereby incorporate paragraphs 10 and 11 of their First Cause of Action, paragraphs 14 through 16 of their Second Cause of Action and paragraphs 19 through 23 of their Third Cause of Action herein as though set forth in full at this point.

26. A dispute has arisen wherein Travelers and the other defendants claim that they should not be liable for Plaintiffs' fire losses of personal property not "scheduled" on the "Agribusiness" policy purchased by Plaintiffs and issued by Travelers and plaintiffs claim that these items of property were covered by the policy or, if not covered, were disclosed to defendants, and each of them, in their Application, and that any lack of coverage was due to the negligence of USAA and Does 6 through 10, and each of them and plaintiffs claim that

-7-

Exhibit __B__ Page __12__

defendants, and each of them, should pay for all their fire losses of $555.961.25, or such other amount according to proof, together with interest thereon from October 22, 2007 at the legal rate.

27. Plaintiffs are informed and believe that there is no plain, speedy or adequate remedy for the resolution of such disputes other than declaratory relief.

WHEREFORE, plaintiffs pray for judgment in their favor and against defendants, and each of them, as follows: for their actual damages, according to proof, including prejudgment interest, for punitive and exemplary damages, according to proof against Travelers, that the Court determine and declare the respective liabilities of defendants, and each of them, for plaintiffs' fire losses, and for such other and further relief as may be just and proper.

Dated: May 26, 2008

RICHARD I. WIDEMAN, ESQ.
Attorney for RICHARD and LAURA SMALL

–8–

COMPLAINT

Exhibit ___B___ Page _13_

## VERIFICATION

I, Dr. Richard C. Small, do declare and say:

1. I am one of the Plaintiffs herein.

2. I have read the foregoing COMPLAINT and know the contents thereof.

3. The foregoing is true and correct except for those allegations made on information and belief, and, as to those allegations, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct. Executed at Fallbrook, California on May 26, 2008.

RICHARD C. SMALL, M.D.

-9-

COMPLAINT

Exhibit___B___Page___14

# EXHIBIT C



CORPORATION SERVICE COMPANY®

TMM / ALL
Transmittal Number: 5832175
Date Processed: 06/10/2008

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Pamela Hoff<br>The Travelers Companies, Inc.<br>385 Washington Street, MC 515A<br>Saint Paul, MN 55102 |
| **Copy of transmittal only provided to:** | SOP Coordinator |

| | |
|---|---|
| **Entity:** | Travelers Property Casualty Company of America<br>Entity ID Number 2317459 |
| **Entity Served:** | Travelers Property Casualty Company of America |
| **Title of Action:** | Richard C Small vs. Travelers Property Casualty Company of America |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court:** | San Diego County Superior Court, California |
| **Case Number:** | 37-2008-00054902-CU-IC-NC |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 06/02/2008 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Client Direct |
| **Plaintiff's Attorney:** | Richard I. Wideman<br>850-245-8916 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

To avoid potential delay, please do not send your response to CSC
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

Exhibit ___C___ Page __15__

# EXHIBIT D

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS:      325 S. Melrose
MAILING ADDRESS:     325 S. Melrose
CITY AND ZIP CODE:   Vista, CA 92081
BRANCH NAME:         North County
TELEPHONE NUMBER:    (760) 806-6350

PLAINTIFF(S) / PETITIONER(S):      Richard C Small et.al.

DEFENDANT(S) / RESPONDENT(S):  Travelers Property Casualty Company of America et.al.

SMALL VS. TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2008-00054902-CU-IC-NC |
|---|---|

Judge:  Lisa Guy-Schall                                    Department: N-31

COMPLAINT/PETITION FILED: 05/30/2008


### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

COMPLAINTS: Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

DEFAULT: If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

SDSC CIV-721 (Rev. 11-08)                                                          Page: 1

Exhibit___D___ Page_16_

1    RICHARD I. WIDEMAN, ESQ. (SB #41185)
     1607 Mission Drive #202
2    Solvang, CA 93463

3    (805)245-8916   (805)688-9424 FAX

4    Attorney for Richard and Laura Small

5

6

7

8              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF SAN DIEGO

10                         NORTH COUNTY

11   RICHARD C SMALL and LAURA L.
     SMALL
12        Plaintiffs,                        No.    37-2008-00054902-CU-IC-NC

13   vs.

14                                           PUNITIVE DAMAGES STATEMENT

15   TRAVELERS PROPERTY CASUALTY
     COMPANY OF AMERICA, USAA            [Local Rule 2.1.5]
16   INSURANCE AGENCY INC dba USAA
     OF TEXAS INSURANCE AGENCY,
17   DOES 1 through 10 inclusive

18        Defendants.

19

20

21   To; Defendants and their attorneys of Record:

22        Please take notice that Plaintiffs punitive damages claims are for $10,000,000.00 (Ten

23   Million Dollars).

24
     Dated:  May 26, 2008
25
                                     RICHARD I. WIDEMAN, ESQ.
26                                   Attorney for RICHARD and LAURA SMALL

27

28                                   –1–

     PUNITIVE DAMAGES STATEMENT

     Exhibit___D___Page___17___

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2008-00054902-CU-IC-NC        CASE TITLE: Small vs. Travelers Property Casualty Company of America

### NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

### ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

### ADR OPTIONS

1) CIVIL MEDIATION PROGRAM: The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

Assignment to Mediation, Cost and Timelines: Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. Discovery: Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. Attendance at Mediation: Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

2) JUDICIAL ARBITRATION: Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

Assignment to Arbitration, Cost and Timelines: Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

Exhibit ___D___ Page ___18___  1

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (760) 726-4900.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

Exhibit ___D___ Page __192__

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:     325 S. Melrose<br>MAILING ADDRESS:     325 S. Melrose<br>CITY, STATE, & ZIP CODE:   Vista, CA 92081-6695<br>BRANCH NAME:     North County | |

PLAINTIFF(S):   Richard C Small et al.

DEFENDANT(S): Travelers Property Casualty Company of America et.al.

SHORT TITLE:    SMALL VS. TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS<br>(CRC 3.221) | CASE NUMBER:<br>37-2008-00054902-CU-IC-NC |
|---|---|

Judge: Lisa Guy-Schall                          Department: N-31

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐   Court-Referred Mediation Program             ☐   Court-Ordered Nonbinding Arbitration

☐   Private Neutral Evaluation                      ☐   Court-Ordered Binding Arbitration (Stipulated)

☐   Private Mini-Trial                              ☐   Private Reference to General Referee

☐   Private Summary Jury Trial                   ☐   Private Reference to Judge

☐   Private Settlement Conference with Private Neutral     ☐   Private Binding Arbitration

☐   Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____             Date: _____

Name of Plaintiff                                Name of Defendant

Signature                                      Signature

Name of Plaintiff's Attorney                 Name of Defendant's Attorney

Signature                                      Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

IT IS SO ORDERED.

Dated: 06/02/2008             _____

                                        JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)        **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**        Page: 1

Exhibit ___D___ Page 20

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| RICHARD I. WIDEMAN [SB # 41185]<br>1607 Mission Drive #202<br>Solvang, CA 93463<br>TELEPHONE NO.: 805-245-8916   FAX NO.: 805-688-9424<br>ATTORNEY FOR *(Name)*: Richard and Laura Small | FILED<br>NORTH C...<br>2008 MAY 30  PM 4:03<br>CLERK-S...<br>SAN DIEGO C... |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 325 South Melrose Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Vista, CA  92081
BRANCH NAME: NORTH COUNTY

CASE NAME: SMALL vs. TRAVELERS, USAA et al

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 37-2008-00054902-CU-IC-NC |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[✓] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action *(specify)*: 4
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 26, 2008

RICHARD I. WIDEMAN, Esq.
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
www.accesslaw.com

Exhibit D  Page 21

# CIVIL COVER SHEET

JS 44 (Rev. 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Richard C. Small and Laura L. Small | Travelers Property Casualty Company of America |

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

RECD JUN 30 PM 2: 37

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Richard I. Wideman, Esq.
1607 Mission Drive #202 Solvang, CA 93463

Attorneys (If Known)

'08 CV 1160 H WMc

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☒ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
  Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1332, 28 U.S.C. Section 1441

Brief description of cause:
Diversity

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $   555,961.25   CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE   June 30, 2008

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

LexisNexis® Automated California Federal District Court Forms

JS 44 Reverse (Rev. 11/04)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.    (a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.    **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**    Example:    U.S. Civil Statute: 47 USC 553
                                                             Brief Description: Unauthorized reception of cable service

VII.    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.    **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

*PROOF OF SERVICE*
*Richard C. Small and Laura L. Smal  v. Travelers Property Casualty Company of America*
*Case No.: 37-2008-00054902-CU-IC-NC*

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 888 West Sixth Street, 15th Floor, Los Angeles, California 90017.

On **July 1, 2008**, I served the foregoing document **NOTICE TO ADVERSE PARTY OF REMOVAL** on all parties in this action, by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

*Richard I. Wideman Esq.*
*1607 Mission Drive #202*
*Solvang, CA 93463*
*Telephone: (805) 245-8916*
*Facsimile: (805) 688-9424*
*Attorneys for Plaintiff*

[ X]    BY MAIL as follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    (BY PERSONAL SERVICE): I caused said envelope to be delivered by hand to the offices of the addressee.

[]    BY FEDEX as follows: by placing the document(s) listed above in a sealed envelope fully prepaid, in the location designated for Federal Express pickup in our office at Los Angeles, California addressed as set forth above.

[ ]    BY FACSIMILE as follows: I sent such document from facsimile machine (213) 596-8039 on July 1, 2008. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (213) 596-8039 which confirms said transmission and receipt.

[ ]    (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **July 1, 2008**, at Los Angeles, California

Patricia De La Cruz

-1-