F:\EOH\PLDG\1693-342.atc.doc

1  Paul R. Fine, State Bar No. 053514
   Erin O. Hallissy, State Bar No. 176696
2  Jennifer K. Tobkin, State Bar No. 223170
   DANIELS, FINE, ISRAEL,
3  SCHONBUCH & LEBOVITS, LLP
   1801 CENTURY PARK EAST, NINTH FLOOR
   LOS ANGELES, CALIFORNIA 90067
4  TELEPHONE (310) 556-7900
   FACSIMILE (310) 556-2807
   [SIGNING ATTORNEY'S EMAIL]@DFIS-LAW.COM

5
   Attorneys For Defendant USAA
6  INSURANCE AGENCY, INC.

7

8              UNITED STATES DISTRICT COURT

9         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 RICHARD C. SMALL and LAURA L.        Case No. 08 CV 1160 BTM (WMC)
   SMALL,                               [Judge: Hon. Barry Ted Moskowitz]
12                                       [Courtroom: 15]
                Plaintiffs,              [Complaint filed: 5/30/08]
13
   vs.                                   ANSWER OF USAA INSURANCE
14                                       AGENCY, INC. TO COMPLAINT;
   TRAVELERS PROPERTY CASUALTY           DEMAND FOR JURY TRIAL
15 COMPANY OF AMERICA, USAA              [FRCP 38]
   INSURANCE AGENCY INC dba USAA
16 OF TEXAS INSURANCE AGENCY,
   DOES 1 through 10 inclusive,
17
                Defendants.
18

19

20       DEFENDANT USAA INSURANCE AGENCY, INC., (hereinafter

21 "USAA") by and through its counsel of record does hereby answer the complaint of

22 Richard and Laura Small (hereinafter "plaintiffs").

   **GENERAL ALLEGATIONS**
23
         1.    USAA admits on information and belief that plaintiffs are the
24
   owners of a thirty-three (33) acre avocado ranch and residence located at 3210
25
   Canonita Drive, Fallbrook, California, 92028, in San Diego County, California.
26
   USAA lacks sufficient information to either admit or deny the amount in
27
   controversy.
28

                                    1

2.      USAA lacks sufficient information to either admit or deny the allegations regarding Travelers Property Casualty Company (hereinafter "Travelers") in paragraph 2 of the Complaint.

3.      USAA admits it is a corporation located in San Antonio, Texas and is an insurance agency licensed to do business in California under the dba of "USAA of Texas Insurance Agency."   USAA also admits that the Southern District of California has jurisdiction and is the proper Court.

4.      USAA lacks sufficient information to either admit or deny that plaintiffs do not know the true names or identities of defendants sued herein as DOES 1 through 10, under fictitious names.  USAA also lacks sufficient information to either admit or deny that plaintiffs will amend this complaint when the true names and capacities are ascertained.  USAA further lacks sufficient information to either admit or deny that each fictitiously named defendant was responsible in some manner for the occurrences alleged and for plaintiffs' injuries and damages, and therefore denies same.

5.      USAA admits that on or about June 5, 2007, Travelers issued to plaintiffs a farm/ranch policy under policy number 715-1267Y478-TIL-07.  USAA admits that the policy's schedule of locations identifies the farm at 3210 Canonita Drive, in Fallbrook, California.  USAA denies plaintiff's characterization that the policy "purported to cover their avocado ranch, home and contents."  In further answering paragraph 5, USAA admits that the subject policy of insurance provided dwelling limits of $1,543,700.00 with a $5,000.00 deductible and Coverage C household personal property limits of $617,480.00, with a $5,000.00 deductible.  USAA lacks sufficient information to either admit or deny that plaintiffs' paid the premium of $4,672.00.  USAA admits that plaintiffs obtained said policy through the USAA Insurance Agency, and admits that it was acting as an agent for Travelers.  USAA admits that said policy covered plaintiffs' avocado farm and

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

08CV1160 BTM (WMC)

1   residence for a period of one year subject to the terms and conditions of the policy.

2   USAA denies that said policy covered plaintiffs' avocado farm for losses from

3   various hazards, including fire.  USAA admits that said policy covered plaintiffs'

4   residence for losses from various hazards, including fire, subject to the terms and

5   conditions of the policy.  USAA asserts that plaintiffs' complaint, and each and

6   every cause of action therein, is subject to the terms, provisions, and conditions of

7   the insurance policy referred to in plaintiffs' Complaint.

8          6.    USAA admits that plaintiffs' property was damaged by the "Rice

9   fire" in or about October 22, 2007.  USAA lacks sufficient information to either

10   admit or deny the specific property plaintiffs alleged was damaged by the fire.

11   USAA lacks sufficient information to either admit or deny plaintiffs'

12   characterization that Travelers labeled plaintiffs' storage shed as a barn in an effort

13   to avoid coverage

14          7.    USAA lacks sufficient information to either admit or deny that

15   plaintiffs' cooperated with Travelers and made a proper verified claim.    USAA

16   admits that on or about December 5, 2007, Travelers denied coverage for plaintiffs'

17   loss.

18          8.    USAA admits that on or about April 8, 2008, Plaintiffs' lawyer

19   wrote to Travelers contending that the denials were improper but lacks sufficient

20   information to either admit or deny the remaining allegations contained in the

21   eighth paragraph of the Complaint.

22          9.    In answering paragraph 9 of the Complaint, USAA lacks

23   sufficient information to either admit or deny Travelers' payments to plaintiffs.

### FIRST CAUSE OF ACTION

25   (Damages for Breach of Insurance Contract Against Travelers and DOES 1-8)

26          10.    In answering paragraph 10 of the Complaint, which is

27   incorporated by reference in plaintiffs' third cause of action for negligence against

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

1  USAA, USAA lacks sufficient information to either admit or deny that Travelers

2  breached its insurance agreement with plaintiffs by failing and refusing to pay

3  plaintiffs for the amounts they lost within the policy limits as a result of damages to

4  their property caused by the fire on or about October 22, 2007. USAA lacks

5  sufficient information to either admit or deny the amount of plaintiffs' alleged

6  damages.

7          11.    In answering paragraph 11 of the Complaint, which is

8  incorporated by reference in plaintiffs' third cause of action for negligence against

9  USAA, USAA lacks sufficient information to either admit or deny that plaintiffs'

10  losses were covered and further lacks sufficient information to either admit or deny

11  that Travelers owes plaintiffs at least $555,961.25.

12          12.    USAA lacks sufficient information to either admit or deny that

13  Travelers breached their contract with plaintiffs. USAA lacks sufficient

14  information to either admit or deny the amount of plaintiffs' injuries and damages.

15                          **SECOND CAUSE OF ACTION**

16              (First Party Bad Faith Against Travelers and DOES 1-5)

17          13.    USAA hereby incorporates its answer to paragraphs 10 and 11 as

18  though fully set forth herein.

19          14.    In answering paragraph 14 of the Complaint, which is

20  incorporated by reference in plaintiffs' third cause of action for negligence against

21  USAA, USAA lacks sufficient information to either admit or deny that Travelers

22  refusal to pay plaintiffs is not in good faith. USAA also lacks sufficient

23  information to either admit or deny that the denial is a violation of Travelers'

24  contractual and statutory fiduciary insurance obligations to plaintiffs. USAA denies

25  that in plaintiffs' application to Travelers, plaintiffs reported that they had a "Tuff-

26  Shed" other than as listed in the diagram of covered and uncovered buildings.

27  USAA admits that the Tuff Shed was not scheduled separately on the application

28

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

4

but lacks sufficient information to either admit or deny the alleged conclusion that

Travelers considered the Tuff-Shed covered under Coverage B. USAA also denies

that the personal property, including plaintiffs' business records and exterior

property fencing, was covered under Coverage C.

15.    In answering paragraph 15 of the Complaint, which is

incorporated by reference in plaintiffs' third cause of action for negligence against

USAA, USAA lacks sufficient information to either admit or deny that Travelers, in

bad faith and in dereliction of its obligations to its insured, failed and refused to pay

for the loss of the small Kubota tractor. USAA denies that the Kubota tractor was

"covered property" as the tractor was not separately identified by Plaintiffs in the

Farm Personal Property Schedule.

16.    In answering paragraph 16 of the Complaint, which is

incorporated by reference in plaintiffs' third cause of action for negligence against

USAA, USAA denies that the policy is described as an "agribusiness" policy.

USAA admits that the Smalls' property was described in the application as a thirty-

three (33) acre avocado farm but denies that the application indicates that it

generated $270,000.00 per year income. USAA admits that Travelers claims there

is no coverage for the plaintiffs' agribusiness and refuses to pay for the loss or

damage to the avocado trees, irrigation equipment and the loss of income from the

burned trees. USAA lacks sufficient information to either admit or deny whether or

not plaintiff intended to have coverage for their agribusiness and whether they

thought they had obtained such coverage from Travelers. USAA denies that

plaintiffs requested such coverage from USAA. USAA admits that it is an agent for

Travelers. USAA denies that the subject policy obligates Travelers to pay such

losses regardless of the actual provisions of the insurance policy.

17.    USAA lacks sufficient information to either admit or deny each

and every allegation contained in the seventeenth paragraph of the Complaint.

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

5

**THIRD CAUSE OF ACTION**

(Negligence against USAA and DOES 6 through 10)

18.    USAA hereby incorporates its answer to paragraphs 10, 11, and 14 through 16 as though fully set forth herein.

19.    USAA admits that plaintiff Richard C. Small is a former member of the military and has been a "member" of United Services Automobile Association for many years.  USAA admits that plaintiff has placed his home and auto insurance through United Services Automobile Association.

20.    In answering paragraph 20 of the Complaint, USAA admits that in 2005 plaintiffs applied for a farm/ranch policy for their residence and 33 acre avocado farm through USAA.  USAA admits that it was acting solely as the agent of Travelers and not for plaintiffs.  USAA denies that the agency relationship was not disclosed to plaintiffs until long after the loss herein.

21.    USAA admits that plaintiffs submitted an insurance application on a Travelers form to USAA. USAA admits that the farming operations were described as a 33 acre avocado farm on the application but denies that it lists the farm generated $270,000 per year in revenue.  USAA denies that plaintiffs listed their storage shed/barn in the application except on the diagram showing insured and uninsured buildings.  USAA can neither admit nor deny that plaintiffs asked for a policy that "covered" their residence and farm as the allegation is vague and ambiguous.  USAA admits plaintiffs were quoted a premium for 2007 ($4672) but can neither admit nor deny that it was paid.

22.    USAA denies that plaintiffs did not agree to have their avocado farm not covered.  USAA denies that plaintiffs did not agree that there would be no coverage for their avocado trees, crops or farm equipment (irrigation).  USAA can neither admit nor deny that said items were always intended to be covered by plaintiffs.  USAA denies that plaintiffs asked for coverage for their avocado trees,

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

6

crops, or farm equipment. USAA denies that it led plaintiffs to believe that they had, in fact, purchased insurance to cover said items, or that said items were covered by the farm/ranch policy issued by Travelers.

23.    USAA can neither admit nor deny what Travelers contends. USAA denies that USAA is liable to plaintiffs for any and all such losses that are found to be "not covered by the Travelers farm/ranch policy" and further denies that there have been any negligent errors or omissions.

24.    USAA can neither admit nor deny the amounts that plaintiffs contend that they have been injured and/or damaged.

## FOURTH CAUSE OF ACTION

### (Declaratory Relief Against All Defendants)

25.    USAA hereby incorporates its answer to paragraphs 10 and 11, 14 and 16, and 19 through 23 as set forth fully herein.

26.    USAA admits that a dispute has arisen wherein Travelers and the other defendants claim that there is no coverage for plaintiffs' fire losses and plaintiffs' claim that these items of property were covered by the policy. USAA denies that any lack of coverage was due to the negligence of USAA. USAA denies that defendants, and each of them, should pay for all of plaintiffs' fire losses of $555,961.25 or other amount according to proof together with interest thereon from October 22, 2007 at the legal rate.

27.    USAA admits that there is no plain, speedy or adequate remedy of such disputes other than declaratory relief.

///
///
///
///
///
///

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Failure To State Facts)

28.    Plaintiffs' complaint, and each and every cause of action therein set forth, fails to state facts sufficient to constitute a cause of action against USAA.

## SECOND AFFIRMATIVE DEFENSE

(Comparative Fault Of Others)

29.    USAA is informed and believes and thereon alleges that plaintiffs' damages, if any, are due in whole or in part to the proximate, contributory and comparative fault of others and any liability of USAA, which liability is specifically denied, should be reduced and/or barred in proportion to said fault.

## THIRD AFFIRMATIVE DEFENSE

(Comparative Fault Of Plaintiffs)

30.    USAA is informed and believes and thereon alleges that plaintiffs' damages, if any, are due in whole or in part to the proximate, contributory and comparative fault of plaintiffs', whose acts or omissions were the legal cause of, or contributed to plaintiffs' alleged damages, that any liability of USAA, which liability is specifically denied, should be reduced and/or barred in proportion to said fault.

## FOURTH AFFIRMATIVE DEFENSE

(Estoppel)

31.    Plaintiffs are estopped and have waived the claims asserted in their complaint.

///
///
///
///

8

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

32.    Plaintiffs are barred from seeking any equitable relief by reason of their unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

33.    Plaintiffs are barred from seeking any equitable relief pursuant to the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

### (USAA's Conduct Was Reasonable)

34.    At all relevant times, USAA has acted reasonably and with proper cause.

## EIGHTH AFFIRMATIVE DEFENSE

### (Policy Issued Based Upon Representations Made By Plaintiffs)

35.    The policy at issue in plaintiffs' complaint herein, was founded upon and issued in consideration of statements made by plaintiffs in connection with their application for insurance with Travelers.  The representations made by plaintiffs in application for Travelers coverage were material to the risk and material to plaintiffs' eligibility for coverage, and were relied upon and believed by defendants and each of them.

## NINTH AFFIRMATIVE DEFENSE

### (Policy Terms And Conditions)

36.    Plaintiffs' complaint, and each and every cause of action therein, is subject to the terms, provisions and conditions of the insurance policy referred to in plaintiffs' complaint herein.

///

///

9

**TENTH AFFIRMATIVE DEFENSE**

(ADDITIONAL DEFENSES)

37.    USAA alleges that it may have other separate and additional
defenses of which it is not currently aware and which may or will be developed
through discovery and/or further legal analysis of its legal position in this action,
and hereby reserves its right to assert them by amendment to this answer at a later
date.

Date:  September 2, 2008                 DANIELS, FINE, ISRAEL,
                                         SCHONBUCH & LEBOVITS, LLP


By: _Erin Hallissy_____
                                         Erin O. Hallissy
                                Attorneys For Defendant USAA INSURANCE
                                AGENCY, INC.
                                hallissy@dfis-law.com


**DEMAND FOR JURY TRIAL**

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD
HEREIN:

        PLEASE TAKE NOTICE that Defendant USAA Insurance Agency
hereby demands trial by jury in the above-entitled matter.


Date:  September 2, 2008                 DANIELS, FINE, ISRAEL,
                                         SCHONBUCH & LEBOVITS, LLP


By: _Erin Hallissy_____
                                         Erin O. Hallissy
                                Attorneys For Defendant USAA INSURANCE
                                AGENCY, INC.
                                hallissy@dfis-law.com

10

ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

08CV1160 BTM (WMC)

### PROOF OF SERVICE

Case No. 08CV1160 BTM (WMC)

| | |
|---|---|
| State of California | ) |
| County of Los Angeles | ) |

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 1801 Century Park East, Ninth Floor, Los Angeles, California 90067. On September 2, 2008, I served the within document(s):

ANSWER OF USAA INSURANCE AGENCY, INC. TO COMPLAINT; DEMAND FOR JURY TRIAL

by placing a true copy thereof in sealed envelopes as stated on the attached mailing list.

☐ **BY FACSIMILE TRANSMISSION** I transmitted said document(s) via facsimile machine pursuant to C.R.C. rule 2006 to fax number FACSIMILE NUMBER. The facsimile machine I used complied with rule 2003 and no error was reported by the machine. Pursuant to rule 2006, I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

☒ xx **BY MAIL** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice a true copy would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY PERSONAL SERVICE** I caused personal delivery by ATTORNEY SERVICE of said document(s) to the offices of the addressee(s) as set forth on the attached mailing list.

☐ **BY OVERNIGHT DELIVERY SERVICE** I caused such envelope to be deposited with an overnight delivery service (Overnite Express/Federal Express) for delivery the next court day, or at most, within two court days of the above date.

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed on the service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ XX (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 2, 2008, at Los Angeles, California

_____
Meredith Akerstein

11

## SERVICE LIST

1
2
3
4

Richard I. Wideman, Esq.
1607 Mission Drive
Suite 202
Solvang, CA  93463
Tel: (805) 245-8916; Fax: (805) 9424
*Attorneys for Plaintiffs Richard Small and Laura Small*

5
6
7

Richard C. Weston, Esq.
Weston & McElvain LLP
888 West 6th Street, 15th Floor
Los Angeles, CA  90017
Tel: (213) 596-8000; Fax: (213) 896-8039
*Attorneys for Defendant Travelers Property Casualty Company of America*

8
9

1693-342

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

12