1  WESTON & McELVAIN LLP
   RICHARD C. WESTON, Bar No. 126491
2  AARON C. AGNESS, Bar No. 221943
   888 West Sixth Street, 15th Floor
3  Los Angeles, California 90017
   Telephone:  (213) 596-8000
4  Facsimile:  (213) 596-8039
   E-mail:     rweston@wmattorneys.com
5              aagness@wmattorneys.com

6  Attorneys for Defendant
   TRAVELERS PROPERTY
7  CASUALTY COMPANY OF AMERICA

8

9              UNITED STATES DISTRICT COURT

10         FOR THE SOUTHERN DISTRICT OF CALIFORNIA

11

12 RICHARD C. SMALL and LAURA L.     ) CASE NO. 08 CV 1160 BTM (WMc)
   SMALL,                            )
13                                   ) Hon. Barry Ted Moskowitz
               Plaintiffs,           )
14                                   ) **TRAVELERS PROPERTY**
      vs.                            ) **CASUALTY COMPANY OF**
15                                   ) **AMERICA'S ANSWER TO**
   TRAVELERS PROPERTY                ) **COMPLAINT**
16 CASUALTY COMPANY OF               )
   AMERICA, USAA INSURANCE           )
17 AGENCY INC dba USAA OF TEXAS      ) Complaint filed:  May 30, 2008
   INSURANCE AGENCY, DOES 1          )
18 through 10 inclusive,             )
                                     )
19             Defendants.           )
                                     )
20

21      Defendant Travelers Property Casualty Company of America, on behalf of
22 itself and no other entity, hereby answers the allegations in plaintiffs Richard C.
23 Small and Laura L. Small's (hereinafter "Plaintiffs") Complaint as follows:
24      1.  In response to paragraph 1 of the Complaint, Travelers admits that it
25 issued an insurance policy, Policy No. 715-1267Y478-TIL-07, to Richard C.
26 Small that provides certain coverage to property located at 3210 Canonita Drive,
27 Fallbrook, California 92028 in San Diego County, California.  Travelers admits
28 that the amount in controversy is in excess of $25,000, exclusive of interest and

1  costs. Travelers denies that the San Diego Superior Court has jurisdiction and is
2  the proper court as it has been removed to the United States District Court for the
3  Southern District of California, which now has jurisdiction and is the proper court.
4  Except as expressly admitted or denied herein, Travelers lacks sufficient
5  knowledge or information to form a belief as to the truth of the allegations in this
6  paragraph, and therefore denies the remaining allegations of this paragraph.
7       2.   In response to paragraph 2 of the Complaint, Travelers admits that it
8  is, and at all times relevant herein was, a Connecticut corporation that maintains
9  its principal place of business in Connecticut. Travelers further admits that it is
10 licensed to do business and does business in California. Except as expressly
11 admitted herein, Travelers denies.
12      3.   In response to paragraph 3 of the Complaint, based upon information
13 and belief, Travelers admits that defendant USAA Insurance Agency dba USAA
14 of Texas Insurance Agency ("USAA") is, and at all times relevant herein was, a
15 Texas corporation, and maintains its principal place of business in Texas. Except
16 as expressly admitted herein, Travelers lacks sufficient knowledge or information
17 to form a belief as to the truth of the allegations in this paragraph, and therefore
18 denies the remaining allegations of this paragraph.
19      4.   In response to paragraph 4 of the Complaint, Travelers lacks
20 sufficient knowledge or information to form a belief as to the truth of the
21 allegations in this paragraph, and therefore denies each and every allegation of this
22 paragraph.
23      5.   In response to paragraph 5 of the Complaint, Travelers admits that it
24 issued an insurance policy, Policy No. 715-1267Y478-TIL-07, to Richard C.
25 Small that provides certain coverage to property located at 3210 Canonita Drive,
26 Fallbrook, California 92028 in San Diego County, California. Travelers admits
27 that the policy period is June 1, 2007 to June 1, 2008. Travelers admits that
28 defendant USAA was an agent or broker involved in the issuance of the policy.

1 | Except as expressly admitted herein, Travelers denies.

2 |     6.    In response to paragraph 6 of the Complaint, Travelers admits that Richard C. Small submitted a claim for damages resulting from a fire on or about October 22, 2007. Except as expressly admitted herein, Travelers denies.

    7.    In response to paragraph 7 of the Complaint, Travelers admits that Richard C. Small submitted a claim for damages resulting from a fire on or about October 22, 2007. Travelers further admits that on or about December 5, 2007, Travelers sent a letter to Richard C. Small, the content of which speaks for itself. Except as expressly admitted herein, Travelers denies.

    8.    In response to paragraph 8 of the Complaint, Travelers admits that on or about April 8, 2008, Plaintiffs' lawyer wrote to Travelers. Except as expressly admitted herein, Travelers denies.

    9.    In response to paragraph 9 of the Complaint, Travelers admits that it has not paid Plaintiffs for the insurance claim that is the subject of this action.

    10.    In response to paragraph 10 of the Complaint, Travelers denies.

    11.    In response to paragraph 11 of the Complaint, Travelers denies.

    12.    In response to paragraph 12 of the Complaint, Travelers denies.

    13.    In response to paragraph 13 of the Complaint, Travelers incorporates by this reference its responses to paragraphs 10 and 11, above.

    14.    In response to paragraph 14 of the Complaint, Travelers denies.

    15.    In response to paragraph 15 of the Complaint, Travelers denies.

    16.    In response to paragraph 16 of the Complaint, Travelers denies.

    17.    In response to paragraph 17 of the Complaint, Travelers denies.

    18.    In response to paragraph 18 of the Complaint, Travelers incorporates by this reference its responses to paragraphs 10 and 11 and 14-16, above.

    19.    In response to paragraph 19 of the Complaint, Travelers lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore denies each and every allegation in this

1 | paragraph.

2 |     20.    In response to paragraph 20 of the Complaint, Travelers lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore denies each and every allegation in this paragraph.

    21.    In response to paragraph 21 of the Complaint, Travelers lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore denies each and every allegation in this paragraph.

    22.    In response to paragraph 22 of the Complaint, Travelers lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore denies each and every allegation in this paragraph.

    23.    In response to paragraph 23 of the Complaint, Travelers admits that it contends that the allegedly damaged avocado trees, crops and irrigation equipment are not covered under the subject Travelers insurance policy. Except as expressly admitted herein, Travelers lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore denies the remaining allegations of this paragraph.

    24.    In response to paragraph 24 of the Complaint, Travelers lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore denies each and every allegation in this paragraph.

    25.    In response to paragraph 25 of the Complaint, Travelers incorporates by this reference its responses to paragraphs 10 and 11, 14-16, and 19-23 above.

    26.    In response to paragraph 26 of the Complaint, Travelers admits that Plaintiffs and Travelers dispute whether certain items are covered by the subject Travelers insurance policy. Except as expressly admitted herein, Travelers lacks

sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore denies the remaining allegations of this paragraph.

27.    In response to paragraph 27 of the Complaint, Travelers lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and therefore denies each and every allegation in this paragraph.

## FIRST AFFIRMATIVE DEFENSE
### (Terms, Conditions and Exclusions of Policy No. 715-1267Y478-TIL-07)

28.    As a separate and affirmative defense to the Complaint and without admitting that the terms, conditions and exclusions of an insurance policy must be pled in an affirmative defense, Travelers alleges that coverage for the claims that are the subject of this action is precluded, in whole or in part, by reason of the terms, conditions, provisions, and exclusions of the subject policy, including, but not limited to, the following conditions and exclusions:

**FARM PROPERTY – FARM DWELLINGS, APPURTENANT STRUCTURES AND HOUSEHOLD PERSONAL PROPERTY COVERAGE FORM (Form FP 00 12 01 98)**

...

**SECTION I – COVERAGES**
**COVERAGE A - DWELLINGS**
A.    Coverage

We will pay for direct physical loss of or damage to Covered Property at the "insured location" described in the Declarations, or elsewhere as expressly provided below, caused by or resulting from any Covered Cause of Loss.

...

2.  **Property Not Covered**

Under Coverage A, Covered Property does not include:

- a. Land (including land on which the "dwelling" is located);
- b. Water; or
- c. Trees, shrubs, plants or lawns, except to the extent provided for in the applicable Coverage Extension in Section II of this Coverage Form.

...

**COVERAGE B – OTHER PRIVATE STRUCTURES APPURTENANT TO DWELLING**

A.  **Coverage**

We will pay for direct physical loss of or damage to Covered Property at the "insured location" described in the Declarations, or elsewhere as expressly provided below, caused by or resulting from any Covered Cause of Loss.

...

2.  **Property Not Covered**

Under Coverage B, Covered Property does not include:

- a. Land (including land on which the other structures are located);
- b. Water;
- c. Structures (other than private garages) that you rent or hold for rental to any person who is not a tenant of the covered "dwelling" you occupy; or
- d. Structures (other than private garages) that you use principally for farming purposes.

...

Case 3:08-cv-01160-BTM-WMC   Document 15   Filed 09/04/2008   Page 7 of 13
Case 3:08-cv-01160-BTM-WMC   Document 14   Filed 09/04/2008   Page 7 of 11

| | |
|---|---|
| 1 | **COVERAGE C – HOUSEHOLD PERSONAL PROPERTY** |
| 2 | A.    **Coverage** |
| 3 | We will pay for direct physical loss of or damage to Covered |
| 4 | Property at the "insured location" described in the Declarations, or |
| 5 | elsewhere as expressly provided below, caused by or resulting from |
| 6 | any Covered Cause of Loss. |
| 7 | … |
| 8 | 2.    **Property Not Covered** |
| 9 | Under Coverage C, Covered Property does not include: |
| 10 | … |
| 11 | e.    "Business property" except to the extent provided for in |
| 12 | Items **f.** and **g.** under Paragraph A.3. Special Limits Of |
| 13 | Insurance Under Coverage C; |
| 14 | … |
| 15 | h.    "Farm personal property", other than office fixtures, |
| 16 | furniture and office equipment; |
| 17 | i.    Any motor vehicle or motorized land conveyance, or its |
| 18 | equipment or accessories. But Covered Property |
| 19 | includes vehicles not licensed for road use that are: |
| 20 | (1)    Used only for servicing an "insured"s" [sic] |
| 21 | "dwelling", its grounds or structures appurtenant |
| 22 | to it; or |
| 23 | (2)    Designed and used for assisting the handicapped. |
| 24 | … |
| 25 | **SECTION II – COVERAGE EXTENSION** |
| 26 | A.    **Trees, Shrubs, Plants And Lawns** |
| 27 | … |
| 28 | This Extension is additional insurance. |

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S
ANSWER TO COMPLAINT

> We will not pay for loss of or damage to trees, shrubs, pants or lawns grown for business or farming purposes.

**FARM PROPERTY – OTHER FARM PROVISIONS FORM – ADDITIONAL COVERAGES, CONDITIONS, DEFINITIONS (Form FP 00 90 01 98)**

...

> **B.     Farm Property Conditions**
>
> In additional to the Common Policy Conditions and the Conditions in the individual Coverage Forms, the following apply:
>
> **LOSS CONDITIONS**
>
> ...
>
> **3.     Duties In The Event Of Loss Or Damage**
>
> a.     You must see that the following are done in the event of loss or damage to Covered Property:
>
> ...
>
> (2)     Give us prompt notice of the loss or damage. Include a description of the property involved.
>
> (3)     As soon as possible, give us a description of how, when and where the loss or damage occurred.
>
> ...
>
> (5)     At our request, give us complete inventories of the damaged property. Include quantities, costs, values and amount of loss claimed.
>
> (6)     As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.
>
> ...

-8-
TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S
ANSWER TO COMPLAINT

(7) Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.

(8) Cooperate with us in the investigation or settlement of the claim.

...

5. **Legal Action Against Us**

No one may bring a legal action against us under a Coverage Form to which this Condition applies, unless:

a. There has been full compliance with all of the terms of this Coverage Form; and

b. The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

## SECOND AFFIRMATIVE DEFENSE
### (Comparative Fault)

29. As to the Complaint and each cause of action therein, Travelers alleges that the injury or damage, if any, sustained by Plaintiffs were caused or contributed to by the acts, errors or omissions of Plaintiffs and/or other individuals or entities, and Plaintiffs' recovery, if any, against Travelers, must be eliminated or reduced accordingly.

## THIRD AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

30. As to the Complaint and each cause of action therein, Travelers alleges that Plaintiffs have failed to mitigate or avoid the alleged damages, if any.

## FOURTH AFFIRMATIVE DEFENSE
### (Apportionment)

31. Travelers alleges that its obligations in this action, if any, must be apportioned among all of the responsible persons, including without limitation, Plaintiffs, any other parties to this action, and any other insurance carrier.

## FIFTH AFFIRMATIVE DEFENSE
### (Offset for Payments of Others)

32. Without admitting that the subject matter of this paragraph must be pled as an affirmative defense, Travelers alleges that Plaintiffs may not recover from Travelers any amounts for which payments have been made to or are collected by Plaintiffs from third parties to this litigation, either directly or as a result of assignments, including, but not limited to, any other insurance carrier, and Plaintiffs' recovery, if any, against Travelers must be reduced by the payments that have been made by such third parties.

## SIXTH AFFIRMATIVE DEFENSE
### (Waiver)

33. The Complaint and each cause of action therein are barred by Plaintiffs' waiver of any claim related to the subject matter of the Complaint.

**WHEREFORE,** this answering defendant prays for judgment as follows:

1. That Plaintiffs take nothing by reason of their Complaint;
2. That Defendant Travelers Property Casualty Company of America be awarded costs of suit incurred herein; and

///
///
///

1     3.     For such other and further relief as the Court deems just and proper.

Dated: September 4, 2008        WESTON & McELVAIN LLP

By:   /s/ Aaron C. Agness
      Richard C. Weston
      Aaron C. Agness
Attorneys for Defendant
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA

-11-
TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S
ANSWER TO COMPLAINT

PROOF OF SERVICE
*Richard C. Small and Laura L. Small v. Travelers Property Casualty Company of America*
Case No.: 08 CV 1160 BTM (WMc)

**PROOF OF SERVICE**
*Richard C. Small and Laura L. Small v. Travelers Property Casualty Company of America*
Case No.: 08 CV 1160 H WMc

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 888 West Sixth Street, 15th Floor, Los Angeles, California 90017.

On July 8, 2008, I served the foregoing document **TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S ANSWER TO COMPLAINT** on all parties in this action, by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

[ X ]   **BY MAIL** as follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   (BY PERSONAL SERVICE): I caused said envelope to be delivered by hand to the offices of the addressee.

[ ]   BY FEDEX as follows: by placing the document(s) listed above in a sealed envelope fully prepaid, in the location designated for Federal Express pickup in our office at Los Angeles, California addressed as set forth above.

[X]   (Federal)   I declare under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.
I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **September 4, 2008**, at Los Angeles, California

_____
Karina Pocasangre

-1-

**PROOF OF SERVICE**
*Richard C. Small and Laura L. Small v. Travelers Property Casualty Company of America*
*Case No.: 08 CV 1160 BTM (WMc)*

| | |
|---|---|
| Richard I. Wideman Esq.<br>1607 Mission Drive #202<br>Solvang, CA 93463<br>Telephone: (805) 245-8916<br>Facsimile: (805) 688-9424<br>**Attorneys for Plaintiff** | Greg J. Ryan<br>LAW OFFICES OF GREG J. RYAN, APLC<br>1010 Second Avenue, Suite 2500<br>San Diego, CA 92101<br>Telephone: (619) 239-4848<br>Facsimile: (619) 239-8858<br>**Attorneys for Plaintiff** |
| Erin O. Hallisey, Esq.<br>Daniels, Fine, Israel, Schonbuch & Lebovits, LLP<br>1801 Century Park East, Ninth Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 556-7900<br>Facsimile: (310) 556-2807<br>**Attorneys for USAA Insurance Agency Inc.** | |