# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| RICHARD SMALL, LAURA SMALL, | CASE NO. 08cv1160-BTM (WMc) |
|---|---|
| Plaintiffs, | ORDER |
| vs. | |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, et al., | |
| Defendants. | |

On June 30, 2008, Defendants removed from state court Plaintiff's civil action alleging breach of insurance contract, bad faith and negligence. (Doc. Non. 1.) Currently, Defendants seek disclosure of Plaintiff's tax returns as discovery on the issue of Plaintiff's claim of lost income.[1]

**FACTUAL BACKGROUND**

Plaintiff is the owner of an agribusiness consisting of 8 acres of approximately 835 mature producing avocado trees. Many of those trees were destroyed or damaged in a fire that occurred in or about October 22, 2007 in San Diego County, commonly known as the "Rice fire." Plaintiff alleges he had an agribusiness policy with the Defendant which insured him against the lost income which resulted from the fire. Defendant admits it provided an insurance policy for Plaintiff but denies the insurance policy indemnified Plaintiff for the subject loss involving Plaintiff's

---

[1] While performing a brief review of the electronic docket in this case, the Court noted the order presented herein does not appear on the docket despite having been signed and electronically filed on June 2, 2010. It appears there may have been some error in the electronic transmission of the order to the Clerk's Office. Therefore, the Court is refiling its original order from June 2, 2010.

agribusiness.

## DISCUSSION

### The Parties' Arguments:

Plaintiff has argued his tax returns are privileged under California law and therefore not discoverable. Defendants agree California law applies. Defendants recognize the state statutory privilege against the disclosure of tax returns. However, Defendants contend exceptions to the statutory rule compel disclosure of Plaintiff's tax returns. Both parties have relied on *Weingarten vs. Superior Court, 102 Cal App. 4th 268 (2002).* Defendants have also relied on additional cases.

### Legal Standard

This case sounds in diversity. It began in San Diego Superior Court; Defendants removed the case to federal court. The case does not involve any federal question; it solely concerns California law. Plaintiff contends Defendants failed to provide the contract benefits under a certain property and casualty policy concerning Plaintiff' avocado farm. The existence of privileges in cases in federal court is governed by Federal Rule of Evidence 501. Because this case does not involve any federal question or claim, California law on the discoverability of tax returns governs in this specific instance. *Weingarten* clearly states: "there was no recognized federal or state constitutional right to maintain the privacy of tax returns.... California courts, however, have interpreted state taxation statute as creating a statutory privilege against disclosing tax return." *Id. at 274.* The privilege against disclosure is qualified, not absolute. *Id.*

*Weingarten* set forth three different grounds on which the qualified privilege against disclosure of tax returns is set aside. "The privilege will not be upheld when (1) the circumstances indicate an intentional waiver of the privilege; (2) the gravamen of the lawsuit is inconsistent with the privilege; or (3) a public policy greater than that of the confidentiality of tax returns is involved." *Id. at 274.* " A trial court has broad discretion in determining the applicability of a statutory privilege." *Id.* The party seeking disclosure only has to establish one of the three grounds set out in *Weingarten* to compel disclosure of a tax return. *See Salazar vs. Basic 2006 WL 3802094 (D. Ariz. 2006).*

### Analysis

1    Plaintiff's have wrongly read *Weingarten* to require the party seeking disclosure of tax
2 returns to establish some fraud or discovery abuse on the part of the non-disclosing party. While
3 the defendant in *Weingarten* was found to have committed both fraud and discovery abuses, the
4 *Weingarten* court did not make such a finding a necessary element of determining tax returns are
5 discoverable.  Rather, the court in *Weingarten* concluded the defendant's fraud satisfied the third
6 element; that is, there was a public policy interest in preventing and punishing fraud and discovery
7 abuses. That decision does not restrict the public policy element to a finding of fraud or discovery
8 abuse. Quite the contrary, the public policy element may be satisfied in vastly different ways.

9    The *Weingarten* court's decision to compel disclosure of the tax return is instructive here.
10 During discovery and after the first phase of the trial Weingarten had "produced only an unverified
11 and incomplete financial statement" in a case where such information was relevant to the
12 Plaintiff's claim therein. *Id at 275*.  The facts in the instant case are analogous to those in *Salazar*,
13 *supra*, which relied on *Weingarten*.  *Salazar* involved a wrongful death action in which the
14 Plaintiff claimed lost income as a result of the accident. Applying the second element from the
15 *Weingarten* rule, the court determined the gravamen of Plaintiff' lawsuit was inconsistent with
16 maintaining the privilege and ordered Plaintiff  to produce their  tax returns if they continued to
17 "proceed with their loss of income claim." *Id. at 5*.

18    *Young vs United States, 149 F.R.D. 199 (S.D. Cal. 1993)* is another instructive decision.
19 Decided  almost 10 years before *Weingarten,* it anticipates *Weingarten* and its progeny. In *Young*,
20 the employee of a Navy contractor brought suit against the government under the Federal Court
21 Claims Act. The plaintiff employee was injured; part of her damage claim included a claim for lost
22 wages. In deciding her tax returns were relevant, the court said: "the Plaintiff tax returns... are
23 reasonably calculated to lead to the discovery of  evidence relevant to the government's defense.
24 The government must be entitled to obtain discovery regarding Ms. Young's income as reported to
25 the Internal Revenue Service in order to evaluate and defend against a claim for lost wages.  She
26 claims that she has been unemployed since the injury occurred. Her tax returns are important
27 evidence that may verify or contradict this assertion. This court, therefore, finds that the disclosure
28 is reasonably necessary and an appropriate subject of discovery." *Id. at 204-205*.

In the instant case, the gravamen of Plaintiffs' damages claim is loss of income and profits from the destruction of his avocado trees as a result of fire. This situation differs from *Saca vs J.P. Molyneux Studio, LTD, 2008 WL 62181 (E. D. Cal. 2008)* where the parties' "claims and defenses... did not directly implicate Plaintiff tax returns, and as such, the assertion of the privilege was not 'inconsistent with the gravamen of the lawsuit.'" *Id. at 3*. In *Molyneux* the privilege was upheld. In contrast, in the instant case the heart of Plaintiff's damages claim is the lost income and profits from the avocado trees destroyed or damaged by the fire for which the Defendant allegedly committed to indemnify Plaintiff. Plaintiff describes the subject insurance policy as an "agribusiness" policy which covered Plaintiff's losses . (Complaint at ¶5.) Further, Plaintiff claims the loss or destruction of his avocado trees and the related income losses are approximately $445,054.25. (Complaint at ¶10). In addition, Plaintiff claims in his application to Defendant that he had a 33 acre avocado farm which generated an annual income of "$270,000." (Complaint at ¶¶16,21). Thus, the second element of the *Weingarten* rule is amply satisfied in the instant case: Plaintiff's assertion of the privilege is "inconsistent with the gravamen of [his] lawsuit."

Therefore, Plaintiff is required to produce his federal and state tax returns for tax years 2003 through and including 2008. However, the subject tax returns may be viewed only by Defendant's attorneys and experts. The tax returns are further subject to a protective order prohibiting dissemination or disclosure to any other person(s). Finally, when the lawsuit is concluded, including any appeals, Defendant's attorneys and expert(s) must verify in writing that all copies of Plaintiff' tax returns have been destroyed or returned to Plaintiff.

IT IS SO ORDERED.

DATED: June 2, 2010

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court